```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-21178-CIV-LENARD
                              MAGISTRATE JUDGE P.A. WHITE

BURCESTAN T. JORDAN,          :

        Movant,               :      REPORT RE TRANSFER

v.                            :

UNITED STATES OF AMERICA,     :

        Respondent.           :
_____
```

The pro se movant, Burcestan T. Jordan seeks to file a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, attacking the conviction in United States v Jordan, 3:06-00165 entered in the Middle District of Tennessee, Nashville Division. The petition is, in legal effect a motion to vacate filed pursuant to 28 U.S.C. §2255.[1]  On April 24, 1996, the habeas corpus st On April 24, 1996, the habeas corpus statutes were amended.  Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

---

[1] A motion to vacate is the proper vehicle to challenge the validity of a conviction or sentence. See 28 U.S.C. §2255. A writ of habeas corpus may only be used when the petitioner has demonstrated remedies available under §2255 are ineffective or unavailable. In this case, the petitioner states that 2255 is not available to him. He may be attempting to circumvent the requirements of filing a successive motion; he has failed to made the requisite showing. See Wofford v. Scott, 177 F.3d 1236(11 Cir. 1999). This must be determined by the District Court in Tennessee.

>   (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.
>
>   \* \* \*
>
>   (b)(3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
>   (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>   (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>   (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>   (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>   (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.
>
>   \* \* \*
>
>   (Emphasis added.)

On the same day, April 24, 1996, 28 U.S.C. §2255 was amended in relevant part to provide the following:

>   A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>     (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence

>  that no reasonable factfinder would have found the
>  movant guilty of the offense; or
>   (2) a new rule of constitutional law, made retroactive
>  to cases on collateral review by the Supreme Court, that
>  was previously unavailable.

It is unclear whether this petitioner has filed prior motions to vacate in the Middle District of Tennessee. However, an attack upon a criminal conviction must be reviewed by the sentencing court. See: 28 U.S.C §2255.

The petitioner attempts to assert actual innocence. In the context of a §2241 petition, "actual innocence" refers to the defendant's actual innocence of the crime of conviction. See Bousley v United States, 523 US 614, 623 (1998). A petitioner can only establish actual innocence once the savings clause of §2255 has been applied to "open a portal to a §2241 proceeding Wofford, 177 F.3d at 1244n.3.  In this case the §2255's saving clause may not apply. Therefore no portal may been opened, and the petitioner cannot claim "actual innocence". See: Dukes v United States, No. 05-11832 (11 Cir. 2006). This must be determined by the Court in which the petitioner was sentenced.

It is therefore recommended that this petition be transferred to the District Court for the Middle District of Tennessee.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this day of 21st April 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Brucestan T. Jordan
     PO Box 779800
     Miami, FL
     Address of record